CID, DEMANDANTE Y APELADO, *v.* RODRÍGUEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre cobro de cantidad de dinero.

No. 1020.—Resuelto en enero 26, 1914.

ACCIÓN EN COBRO DE DINERO—CONTRATO SOBRE CONSTRUCCIÓN DE OBRAS—SUFICIENCIA DE LA PRUEBA.—Analizada la prueba presentada en este caso ella

demuestra que se celebraron los contratos a que se refiere la demanda en los términos expresados en la misma y que el demandado debe al demandante la cantidad reclamada.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Damián Monserrat, Jr.*

Abogado del apelante: *Sr. Manuel F. Rossy.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En la demanda origen de este pleito se alega que demandante y demandado celebraron un contrato sobre construcción de ciertas obras de albañilería. El contrato es como sigue:

"Conste por el presente documento que habiéndoseme otorgado por Don Carlos Rodríguez la buena pro para la construcción de un mirador en la casa No. 24 de la calle de San Justo de esta capital, me comprometo a ejecutar todas y cada una de las obras que se expresan en los planos redactados con fecha dos de enero de mil novecientos doce por el ingeniero Sr. Castro González, aceptando todas las condiciones que se estipulan en el presupuesto de dicha obra y pliego de condiciones, por la cantidad de dos mil ciento veinte y dos dollars y cuarenta y ocho centavos, siendo por mi cuenta el suministro de todos los materiales necesarios para la ejecución de la misma. Es igualmente convenido que será de cuenta del dueño de la obra el abono a los dueños de las casas colindantes del importe de las medianerías de los muros de dichas casas que en esta obra se utilicen. También es convenido que el ingeniero de la obra librará mensualmente certificaciones de la obra ejecutada, las que serán abonadas por el dueño de la obra reteniendo en su poder el diez por ciento del valor de las mismas como garantía del fiel cumplimiento de este contrato. San Juan, P. R., 28 de mayo de 1912. José Cid Solá, contratista. Carlos Rodríguez, dueño de la obra."

Se alega, además, en la demanda, que con el fin de cumplir determinadas órdenes de la Junta Superior de Sanidad, fué necesario adicionar las obras ya ajustadas con otras más que se relacionan, siendo dicha adición objeto de un nuevo convenio entre demandante y demandado celebrado con la intervención y de acuerdo con el ingeniero director de las

obras; que por tales conceptos el demandado debía pagar al demandante la suma de $2,306.98 de la cual sólo le había abonado la de $545.40 quedando un saldo por satisfacer de $1,761.58; que el demandante por su parte había cumplido bien y fielmente con todas y cada una de las obligaciones del contrato, y que las obras fueron entregadas al demandado que las aceptó sin objeción ni reparo alguno, previo informe del ingeniero bajo cuya dirección se llevaron a cabo.

El demandado contestó negando general y específicamente todos y cada uno de los hechos de la demanda.

Celebrada la vista, la corte dictó sentencia el 3 de mayo de 1913 declarando con lugar la demanda y condenando al demandado a pagar al demandante la suma reclamada, intereses y costas. Contra dicha sentencia el demandado interpuso el presente recurso de apelación.

En su alegato la parte apelante sostiene como único motivo del recurso, que el demandante carece de acción "para pedir el pago íntegro del valor de la reparación que hizo en una casa del demandado, hasta que no se deduzca el valor del perjuicio que experimentó dicho demandado, por haberse invertido en esa obra más tiempo del convenido, y por no habérsele abonado la diferencia que hay en el precio del hormigón de ladrillo que se usó, en vez del hormigón de piedra que se pactó."

En la transcripción se incluye copia de la "exposición del caso" que contiene toda la prueba practicada. La prueba del demandante consistió en su propia declaración, en la del ingeniero que prestó sus servicios al demandado, y en varios documentos. La del demandado únicamente en su propia declaración.

Analizada racionalmente dicha prueba demuestra que se celebraron los contratos a que se refiere la demanda en los términos expresados en la misma y que el demandado debe al demandante la cantidad reclamada.

Si bien la obra tardó en construirse más tiempo del especificado en el pliego de condiciones, se debió a las adiciones

que hubo que llevar a efecto,· a la falta de operarios con motivo de la aparición en San Juan de algunos casos de peste bubónica, y a la acción misma del demandado al retardar por espacio de una semana el comienzo de los trabajos, mientras ultimaba un proyecto de venta de la casa que tenía pendiente y al no satisfacer a su tiempo la segunda certificación librada por el ingeniero. Y si bien es cierto que se sustituyó en la preparación del hormigón alguna parte de la piedra especificada en el pliego de condiciones por ladrillo, tal sustitución se hizo con la intervención y de acuerdo con el ingeniero director de los trabajos designado por el demandado, y éste, teniendo conocimiento de ello, aceptó la obra poniendo por único reparo que existía en el techo una gotera que fué inmediatamente corregida. En su declaración el demandado manifestó que ciertamente tenía conocimiento del uso de ladrillo en vez de piedra, pero que si estuvo conforme con ello fué por habérsele prometido que se le abonaría la diferencia de precio entre ambos materiales. Esta manifestación del demandado está en contradicción con la declaración del ingeniero director de las obras y la contradicción fué resuelta por la corte sentenciadora en favor del último, como puede deducirse de la sentencia dictada.

No aparece, pues, que se haya cometido error alguno por la corte sentenciadora y en tal virtud debe declararse sin lugar el recurso interpuesto y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.